# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1790
_____

United States of America,

*Plaintiff - Appellee*,

v.

Shawn Thomas Brooks,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 15, 2020
Filed: August 4, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Shawn Brooks on several charges arising from a series of armed robberies in Lincoln, Nebraska. The jury found Brooks guilty on five counts of interference with commerce by robbery and one count of conspiracy to interfere with commerce by robbery, *see* 18 U.S.C. §§ 1951(a), and one count of bank robbery,

*see* 18 U.S.C. § 2113(a). The jury also found Brooks guilty on three counts of possessing a firearm in furtherance of a crime of violence, two counts of brandishing a firearm in furtherance of a crime of violence, and one count of discharging a firearm in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to 480 months in prison. Brooks appeals, arguing that there was insufficient evidence to support the convictions.

Brooks preserved his sufficiency argument in the district court by moving for judgment of acquittal. We review the denial of a motion for judgment of acquittal *de novo* and will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Hamilton*, 929 F.3d 943, 945 (8th Cir. 2019); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Brooks argues that there was a "lack of evidence directly implicating" him in the crimes. We disagree. A witness for the prosecution testified that he and Brooks committed the robberies together and specifically identified Brooks as a participant in each robbery. The witness also testified that Brooks carried a firearm during three of the robberies and that Brooks fired the weapon during one. Employees of two convenience stores that were robbed testified that the taller perpetrator pointed a firearm at the witnesses during the robberies.

Brooks argues that the principal witness's testimony was not credible because it was internally inconsistent and because the witness acknowledged that he testified in hopes of receiving favorable treatment in his own criminal case. But a jury's credibility determinations are virtually unreviewable, because the jury is in the best position to assess the truthfulness of the witnesses and to resolve any inconsistent testimony. *United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010). The testimony

---

[1] The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

of the witnesses here, if believed, was sufficient to support a reasonable finding that Brooks was guilty beyond a reasonable doubt of the several charged offenses.

The judgment of the district court is affirmed.

_____